Good morning, Your Honors. My name is Katherine Alfieri. May it please the Court, I represent the appellant Katie Pais Gonzalez, who challenges her 844-H1 conviction on a variety of bases, two of which, with the Court's permission, I would like to discuss this morning. First, appellant contends that 844-H1's plain language requires as an essential element of the offense that the defendant have actual knowledge of the use of fire. And although this circuit has not yet had occasion to interpret the term use within the 844-H1 context, the First Circuit, the Seventh Circuit, and the Eighth Circuit have rendered an opinion on the issue in Ennud, Ruiz, and Zendel and defined use in the 844-H context as active, knowing employment of fire. And in those decisions ---- Kagan in Ennud, Ruiz, and Zendel and defined use in the 844-H context as active, knowing employment of fire. And in those decisions, the First Circuit, the Seventh Circuit, and the Eighth Circuit have rendered an opinion on the issue in Ennud, Ruiz, and Zendel and defined use in the 844-H context as active, knowing employment of fire. Now, are you arguing that Pinkerton can't apply at all? I'm saying that Pinkerton ---- I just want to ---- yeah, I get your ---- On the 844-H1 violation, the jury instruction argument is that the actual knowledge requirement of 844-H1, which requires actual, the concurrence of intent to commit the underlying offense with the active employment of fire, precludes Pinkerton liability on the 844-H1 ---- for an 844-H1 violation. The follow-up argument in our second contention is that the evidence to the evidentiary ---- the insufficiency of the evidence argument does relate to Pinkerton in that we are requesting the Court to apply a far narrower version of Pinkerton in looking at insufficiency of the evidence in reliance on the cases cited, Graziano, Fonseca, Caro, wherein the Court has in the past looked at ---- has in the past looked at a narrower version of Pinkerton, and so requiring that the defendant have some proof of some sort of awareness from prior conversations, observations, or prior interactions with co-conspirators that fire would be used. And I think we cited a variety of cases, Graziano, Allen, Masoto, Fonseca, Caro, wherein this Court, as well as other circuits, narrowed Pinkerton reasonable foreseeability in the use of ---- in the 924c use context. And the contention is that should this Court apply that same stringent foreseeability standard, here there's no evidence that this appellant had any prior knowledge that fire would be used. And if I may, I'd also like to address the government's alternate aiding and abetting continuum offense liability theory, where the government has contended that even if the defendant had no knowledge of the fire, that the defendant then used fire to commit wire fraud by mentioning it in that conversation. And our response to that is twofold.   That issue was never ---- the jury was never instructed on that issue. That issue was never put before the jury, either in a legal or a factual context. And so our first contention is that under U.S. v. Torello ---- excuse me, Your Honors. I'm getting over a terrible flu. I apologize for the state of my voice. Kagan. But perhaps we could get you a glass of water. Thank you. So our first contention is that that issue was never raised ---- was never placed before the jury in a legal or factual context, and therefore, thank you, could not be relied upon by this Court to sustain this conviction. Second, and I think of equal import, is the fact that the definition of use promoted by the government on appeal truly overexpands the definition of use that the U.S. Supreme Court stated in Bailey and permits use to be interpreted as mentioning, not acting employment. And so on those two bases, we would oppose the government's alternate aiding and abetting to sustain liability. If there are no further questions, I will reserve the balance of my time for rebuttal. Thank you. Thank you. Good morning. May it please the Court. My name is Lori Gray. I represent the United States. Defendant's issue is non-justified reversing her conviction. With regard to her first contention on the sufficiency of the evidence, the evidence was sufficient under either of two theories, either reasonable foreseeability or aiding and abetting that she was guilty of use of fire to commit another crime. Bailey, which the appellant cites with regard to 924C, held reasonable force ---- excuse me ---- set forth the language to be used for active employment. But this Court has extended that not in the context of the use of fire charge, but on 924C cases, as cited in our brief, and it was on that theory that the government proceeded. And a rational jury could have found that the fire in this case was set in furtherance of the conspiracy and reasonably foreseeable under Pinkerton as proven by defendant's own statements. When defendant is interviewed by the FBI, she is told at the outset that they are investigating a burned car found at the airport. They don't say we're investigating an insurance fraud. They start out and say, we're investigating a burned car found at the airport. In response to that, the defendant states, well, what happened was part of an insurance fraud that she and her husband came up with because the car had some mechanical issues not covered by the warranty. And she adds that she and her husband planned the whole thing. Well, Your Honors, as the evidence proves beyond a reasonable doubt, what happened was the car was torched and the entire thing included the burning of that car. When she's pressed for more details about the fire, she backpedals. She first says, well, it wasn't my husband's associates, they were my associates. When the FBI agents say, well, what are their names, she says, I don't remember their names. She then says that she needs more time, her temperament changes, and she says, I need to think about whether or not to cooperate further. Again, a rational juror could have looked at that as backpedaling and as evidence of guilt. It does show that it was reasonably foreseeable that the fire in this case would be used to achieve the goal, which was being able to submit an insurance claim that would be successful, and the only way that claim could be successful was destroying the engine. The jury could also have found on an aiding and abetting theory, and I'll address that just briefly, and that the facts of this case showed that the defendant here and her husband, newlyweds, were involved step by step at each step of the proceedings. It was Paez who purchased the car and took it in to be serviced, and at that time, she and Mr. Gonzales find out that tens of thousands of damage, excuse me, between $5,000 and $7,000 worth of damage was going to be needed. One month later, it is Paez who buys the auto insurance that covers theft and fire. Ten days after that, Paez sets the final phase of this conspiracy motion by driving to her place of work and, out of character and contrary to her usual habits, parks outside the range of the surveillance cameras. Then it's Paez who lies on the insurance form and says that the car engine was an accident, excellent condition. From that, a rational jury could have found that she aided and abetted the use of the fire. With regard to the jury instructions, Your Honors, the Court gave those instructions as detailed in the excerpts of records specifically saying that the government had to prove reasonable foreseeability. While this Court has not specifically determined what uses fire means under 844, again, it's analogized to 924C. And the three cases that defendant cites in her brief from other circuits, none of those deal with the issue of reasonable foreseeability. If there are any questions on this matter, I'm happy to address them. Otherwise, I would submit on the briefs that were filed in this case. Can I just, out of curiosity, where exactly was the car found in relation to the airport? The car was found near the airport in Concord. I don't know where. It was on a field, as my understanding was, it was next to a field next to the airport. Right next to the airport? Yes. In a field? In a field. With burn, pour? Yes. The burn pattern indicated that it had been set arson, and the burn pattern around the car indicated the same. Okay. If there are no other questions, I will submit the matter. Thank you. Thank you. Briefly, Your Honors, if I may, a lot of hay has been made in the briefing of Ms. Paiz's statements to law enforcement. And I think if the Court looks at the record, you will see that even the agent's testimony does not support the government's rendition of the facts. Ms. Paiz was interviewed by the FBI agents. The beginning of the interview concerned solely the theft of the vehicle. She made all of her statements in relation to the theft of the vehicle. Both agents testified to that. It's at ER 38 and ER 77 in the record. Subsequently, when they began to ask her about the fire, she began to try to minimize her husband's involvement and became less cooperative. But throughout these proceedings, from her interview to her written confession, she has always denied that she had any advanced knowledge of the use of fire to dispose of the vehicle. And, you know, I want to plead with this Court to scrutinize this record. I realize this is an uphill battle and a difficult case. But I really believe that the conviction of Katie Paiz on this 844-H1 offense is a true travesty of justice. And I truly believe that this 21-year-old woman with an infant without so much as a traffic ticket before she meets her husband was wrongfully convicted and is wrongfully serving a 10-year mandatory minimum sentence for a crime she didn't commit. And that's not something I say lightly, and I can tell the Court I've never said that to an appellate court or any court before. But every once in a while, a case comes along that keeps lawyers up at night, and this is one of those cases, and one of those cases that requires this Court's intervention to see that justice ultimately fails. Right. You have to break down what the problem here appears to be, however, with the mandatory minimum. Yes, Your Honor. I thank the Court for its time, and I'll submit it on that. Thank you. The case just argued is submitted.
judges: Schroeder, Reinhardt, Rymer